IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAYOU LOFTS CONDOMINIUM ASSOCIATION, INC.<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| WRIGHT NATIONAL FLOOD INSURANCE COMPANY,<br>    Defendant. | §<br>§<br>§<br>§ | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Bayou Lofts Condominium Association, Inc. (hereinafter "Plaintiff"), and complains of Wright National Flood Insurance Company (hereinafter "Wright" or "Defendant"). In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

**I.
DISCOVERY LEVEL**

1.  Plaintiff intends for discovery to be conducted pursuant to any proposed joint management and discovery plan required by Rule 26(f)(2) of the Federal Rules of Civil Procedure.

**II.
JURISDICTION AND VENUE**

2.  This Court has jurisdiction over the subject matter of this action pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. 4001 (the "Act"). Under the terms of the Act, Federal Courts shall have exclusive jurisdiction over claims arising under flood insurance

policies made available under the Act, as administered by the Federal Emergency Management Agency ("FEMA").

3. This action arises under the Write-Your-Own Program ("WYO") regulations under the Act. FEMA created the WYO program in 1983, permitting private insurers to write flood policies pursuant to the Act, in the individual name of the private insurer. Under the WYO program, FEMA regulations set the terms and conditions of the policies, the federal government underwrites the policies, and the private WYO carriers perform significant administrative functions, including the arranging for the adjustment, settlement, payment, and defense of all claims arising from the policies. In this capacity, WYO carriers are fiscal agents of the United States federal government.

4. Venue is appropriate in the Southern District of Texas because Plaintiff suffered the property damage complained of within the boundaries of the Southern District.

5. This Court has personal jurisdiction over all parties identified.

## III.
## PARTIES

6. Plaintiff is a domestic non-profit corporation registered in the State of Texas. It provides organization, consisting of the owners of the real estate subdivision and property known as the Bayou Lofts Condominiums located at 915 Franklin in Houston, Texas.

7. Defendant is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, and which issues WYO flood policies within the State of Texas.

## IV.
## FACTUAL BACKGROUND

8.  Plaintiff is a named insured under a residential condominium building association flood insurance policy issued by Wright, insurance policy number 42 1150352152 (hereinafter referred to as the "Policy").

9.  On or about August 26, 2017, Hurricane Harvey hit the Houston, Texas area and Plaintiff's property located at 915 Franklin in Houston, Texas 77002 (hereinafter referred to as the "Property"), sustained catastrophic damage. Shortly after the devastation caused by Hurricane Harvey and pursuant to its obligations under the Policy, Plaintiff timely filed insurance claim number 17 0010772 (hereinafter referred to as the "Claim").

10. Subsequently, Defendant aknowledged the claim, investigated the claim through Coloial Claims Corporation and according to correspondence dated March 9, 2018, issued payments to Plaintiff totaling $1,179,727.41.  However, this amount was a susbtantial underpayment of the damages suffered by Plaintiff and included within Plaintiff's Proof of Loss.

11. On March 9, 2018, Defendant issued Plaintiff a Partial Denial of Claim wherein Defendant explained that it would not be paying damages for the cost of the electrical system located in the basement, the cost of the temporary wiring in the basement, Harvey Builders' invoice for General Conditions in the amount of $197,147.00., Murphy Mears Architects invoice in the amount of $35,000.00, moisture testing by Terracon in the amount of $4,800.00, Dugan Miller Design's invoice for Floor Polishing in the amount of $10,400.00, Gorge Sacaris Studio's invoice for Steel Refenishing in the amount of $10,165.00, Environmental Ltd's invoice for Cabinet and Countertops removal and replacement in the amount of $37,648.00, and invoices totaling $381,628.55 for replacement of all lights and outlets, HVAC Mechanical Work and

Demo, Sprinklers Installation, Plumbing, Ceiling Grid Adjustment, Ceiling Panels, Glass Replacement, Drywall Replacement, and Doors and Aluminum Frames.

12. For the items that were paid as covered items under the Policy, Defendant underpaid these items by $189,781.52. Specifically, Plaintiff incurred and paid $242,571.24 for Dryout and Cleanup Costs of which Defendant only paid $70,906.49. Defendant further underpaid items relating to invoices submitted by Fujitech, AccuWork, and Sternberg & Krohn in the amount of $18,116.77.

13. Wright's continued unwillingness to fairly investigate and adjust this claim forced Plaintiff into engaging the representation of the undersigned in attempts to achieving an equitable resolution. Between May 4, 2018 to the present, Plaintiff has made numerous attempts to work with Defendant on its claim, including the submission of its Proof of Loss along with volumes of supporting documentation. Most recently, documentation was requested by William Nemeth regarding the covered but underpaid damages. This documentation was provided to Mr. Nemeth in October 2018.

14. On November 1, 2018, Wright advised that it would be requesting a third party evaluation of the Dryout Costs and that based on that evaluation, would also be providing Plaintiff a determination of underpayment. Despite making repeated requests for an update on this action by Defendant from November 2018 until February 5, 2019, Defendant has failed to offer any response.

15. At all times material to this case, Plaintiff fulfilled all of its obligations under the Policy.

16. It is clear that Wright's unreasonable investigation was the cause of Plaintiff's partially denied claim.

17. Further, Wright's performance of this results-based investigation of Plaintiff's claim, led directly to a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.

18. As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Wright. Therefore, Plaintiff has been forced to file this suit in order to recover damages arising from the above-referenced conduct and from the unfair refusal to pay the full insurance benefits in accordance with the Policy.

## V.
## CLAIMS AGAINST DEFENDANT

19. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

20. All conditions precedent to recovery by Plaintiff have been met or have occurred. Plaintiff provided timely notice of her loss to Wright, which has, contrary to the terms of its policy, refused to pay for all flood related damages.

21. All acts by Wright were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Wright and were completed in its normal and routine course and scope of employment with Wright.

## BREACH OF CONTRACT

22. According to the Policy that Plaintiff purchased, Wright had the absolute duty to reasonably investigate Plaintiff's damages, and to properly pay Plaintiff's policy benefits for the claims made due to the extensive storm-related flood damages.

23. As a result of the storm-related event, Plaintiff's Property suffered extreme external and internal damages.

24. Despite objective evidence of such damages, Wright has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff the full amount of benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## VI.
## DAMAGES

25. Wright's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount for the full loss and damages covered under her Flood Policy.

## VII.
## JURY DEMAND

26. Plaintiff hereby demands a jury trial and has tendered the appropriate fee with its Original Complaint.

## VIII.
## CONCLUSION AND PRAYER

27. Plaintiff prays that judgment be entered against Wright National Flood Insurance Company, and that Plaintiff be awarded all of its actual damages, consequential damages,

prejudgment interest, post judgment interest, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Wright National Flood Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

/s/  *Paul Simon*
Paul Simon
State Bar No. 24003276
Federal ID No. 30358
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
paul@vosslawfirm.com

**ATTORNEY FOR PLAINTIFF**